UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                      Plaintiff,<br>    v.<br><br>G. E. C., a minor; T.A.C, a minor; and A.M.C., a minor,<br><br>                      Defendants. | CASE NO. C16-5666 BHS<br><br>ORDER DENYING A.M.C.'S AND T.A.C.'S MOTION FOR SUMMARY JUDGMENT AND DENYING G.E.C.'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant G.E.C.'s motion for summary judgment (Dkt. 35) and A.M.C.'s and T.A.C.'s cross-motion for summary judgment (Dkt. 49). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions.

### I. PROCEDURAL HISTORY

On July 29, 2016, Plaintiff the Prudential Insurance Company of America ("Prudential") filed a complaint in interpleader against G.E.C. and Defendants T.A.C. and A.M.C. Dkt. 1. Prudential issued a life insurance policy to Charles Cruz, and, upon Mr. Cruz's death, a dispute exists as to the proper beneficiaries under the policy. *Id*.

On January 3, 2017, the Court granted Prudential's motion to deposit the remaining proceeds into the Court registry and be dismissed from this matter. Dkt. 17.

On December 13, 2017, G.E.C. filed a motion for summary judgment. Dkt. 35. On March 26, 2018, T.A.C. and A.M.C. responded and, in the same document, requested affirmative relief in their favor. Dkt. 41. On March 30, 2018, G.E.C. replied and agreed to T.A.C. and A.M.C.'s suggestion that the remaining $200,000 in proceeds would be distributable to T.A.C. and A.M.C. if the $200,000 that was released to Mr. Cruz's mother, Pamela Cruz, was kept in constructive trust for the benefit of G.E.C. and his stepsiblings. Dkt. 45.

On April 18, 2018, the Court entered an order noting that the cross-motion of T.A.C. and A.M.C. was not noted in accordance with the local rules. Dkt. 47. Accordingly, the Court requested that the parties meet and confer to establish a briefing schedule to afford G.E.C. adequate time to respond to the cross-motion. *Id.* The Court also requested that the parties confer over the apparent agreement in their briefing regarding the funds that were distributed to Pamela Cruz and how the disposition of those funds might resolve this matter. *Id.*

On April 26, 2018, T.A.C. and A.M.C. filed their renewed cross-motion for summary judgment. Dkt. 49. On May 14, 2018, G.E.C. responded. Dkt. 50. On May 18, 2018, A.M.C. and T.A.C. replied. Dkt. 53.

## II. FACTUAL BACKGROUND

In 1997, Mr. Cruz married Cassandra Cruz (now Cassandra Nagel). The couple had two children, T.A.C and A.M.C. In 2008, the couple legally separated and divorced.

On December 18, 2008, Mr. Cruz and Silke Greer married. The couple had one child, G.E.C. Silke had two children from a previous marriage that Mr. Cruz treated as his own.

Mr. Cruz was active duty military throughout his marriage to Cassandra and remained active duty until his death. As an active duty member of the armed services, Mr. Cruz was entitled to a $400,000 Servicemembers' Group Life Insurance ("SGLI") policy issued by Prudential. Mr. Cruz and Cassandra's divorce decree included a provision about life insurance that required Mr. Cruz to maintain $200,000 of his SGLI policy for the benefit of T.A.C. and A.M.C.

On July 30, 2008, Mr. Cruz completed an election of benefits under the SGLI policy. Mr. Cruz elected to grant five percent of the benefits to Cassandra, twenty-five percent to T.A.C., twenty-five percent to A.M.C., ten percent each to his mother and father, and the remaining twenty-five percent to Silke.

On September 14, 2015, Mr. Cruz completed another election of benefits form. Mr. Cruz elected to grant fifty percent of the benefits to his mother, Pamela Cruz, and fifty percent to "My child (ren) Cassandra Cruz mother of my two children as custodian for the minor children pursuant to the UGMA/UTMA." Dkt. 1-1 at 1.

On October 22, 2015, Mr. Cruz died while on active duty.

After his death, Mr. Cruz's mother, Pamela, submitted a claim for fifty percent of the proceeds. Prudential paid the claim, and Pamela has placed the $200,000 in an interest-bearing account in her name that she intends to maintain for the benefit of G.E.C. and Mr. Cruz's stepchildren.

On January 6, 2016, Cassandra submitted a claim on behalf of T.A.C. and A.M.C. for the remaining $200,000. On February 6, 2016, Silke submitted a claim on behalf of G.E.C. for the same funds.

### III. DISCUSSION

The parties have each moved for summary judgment on the record before the Court. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

The Court concludes that there is a genuine dispute of fact over Mr. Cruz's intent when he wrote his designation to "My child (ren) Cassandra Cruz mother of my two children as custodian for the minor children pursuant to the UGMA/UTMA" as it appears on his election of benefits form.

The payment of SGLI policy proceeds is governed by 38 U.S.C. § 1970, which provides the following order of precedence for recipients:

> First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death . . . ;
> Second, if there be no such beneficiary, to the widow or widower of such member or former member;
> Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation;
> Fourth, if none of the above, to the parents of such member or former member or the survivor of them;
> Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such member or former member;
> Sixth, if none of the above, to other next of kin of such member or former member entitled under the laws of domicile of such member or former member at the time of the insured's death.

38 U.S.C. § 1970(a). Pursuant to 38 U.S.C. § 1970, "the serviceman's intended designation of beneficiary [i]s the paramount consideration . . . ." *Prudential Ins. Co. of Am. v. Smith*, 762 F.2d 476, 480 (5th Cir. 1985). Accordingly, "[o]nly if the serviceman fail[s] to file such designation of beneficiary d[oes] the non-designation statutory order of determining preferred beneficiaries come into play." *Id.* The Court must strictly construe the statute, regardless of arguments of equity or fairness. *Ridgway v. Ridgway*, 454 U.S. 46, 62–63 (1981).

The parties' arguments for summary judgment can be divided into two parts. First, each party argues that the designation is unambiguous on its face and should therefore be construed in their favor. Second, the parties argue that even if the designation is ambiguous, any ambiguity should be resolved in their favor.

The Court disagrees with both parties on the first issue and finds that the designation is ambiguous on its face. It is not clear from the text of the designation or the election of benefits form whether the term "My child (ren)" refers exclusively to T.A.C. and A.M.C., or all of Mr. Cruz's "children" as defined by 38 U.S.C. § 1965(8),[1] which would include G.E.C. While the words "My child (ren)" would clearly refer to all three

---

[1] "The term 'child' means a legitimate child, a legally adopted child, an illegitimate child as to the mother, or an illegitimate child as to the alleged father, only if (A) he acknowledged the child in writing signed by him; or (B) he has been judicially ordered to contribute to the child's support; or (C) he has been, before his death, judicially decreed to be the father of such child; or (D) proof of paternity is established by a certified copy of the public record of birth or church record of baptism showing that the insured was the informant and was named as father of the child; or (E) proof of paternity is established from service department or other public records, such as school or welfare agencies, which show that with his knowledge the insured was named as the father of the child." 38 U.S.C. § 1965(8).

biological children of Mr. Cruz if read in isolation, the remainder of the designation creates ambiguity by directing half of the insurance proceeds to be paid to "Cassandra mother of my two children as custodian for the minor children pursuant to UGMA/UTMA." This language strongly suggests that the designation was intended to be for the exclusive benefit of T.A.C. and A.M.C., as it would lead to a strange result if the designation was also to benefit G.E.C. and Cassandra was designated as the custodian on behalf of G.E.C., who is not her child. Unfortunately, while the designation notes that Cassandra is the mother of Mr. Cruz's two children, Cassandra is designated as custodian for "*the* minor children" without specifying if the intended beneficiaries are *her* children. While it seems to the Court that the reference to "Cassandra Cruz mother of my two children" likely indicates that Mr. Cruz intended the designation exclusively for her two children, the Court recognizes that reasonable minds might differ. Accordingly, the designation is ambiguous and the Court looks to extrinsic evidence to determine the service member's intent.

G.E.C. offers several reasons why he believes the Court should resolve the ambiguity in his favor. First, G.E.C. argues that 38 U.S.C. § 1967(a)(3)(B) requires that any child of a service member, such as himself, be listed as a beneficiary on an SGLI policy for a minimum of $10,000. *See* Dkt. 35 at 5. That is not the case, however, as 38 U.S.C. § 1967(a)(3)(B) instead clearly requires that any child of a service member *be insured against death* in an amount no less than $10,000. *See* 38 U.S.C. § 1967(a). Rather, as stated by the Supreme Court, "[f]ederal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary." *Ridgway*,

454 U.S. at 59. Second, G.E.C. argues that the Court should give deference to the United States Army's initial SGLI determination that the designation was intended to include G.E.C. However, the record demonstrates that this decision was not without dispute, *see* Dkt. 36 at 43, 45, and G.E.C. fails to provide any authority for the proposition that the Court must defer to the SGLI determination if a designation is ambiguous. Furthermore, the SGLI determination fails to account for the fact that if G.E.C. is an intended beneficiary, Cassandra is plainly the designated custodian of the proceeds for all the minor children, and there is no language authorizing a disbursement of funds to Silke as custodian for G.E.C. Finally, G.E.C. relies on the text of the designation itself and argues that the term "My child (ren)" should necessarily include him because he satisfies the statutory definition of Mr. Cruz's "child" and the designation was made after his birth.

      T.A.C. and A.M.C. have also submitted evidence in support of their position. Particularly of note, they have submitted the declaration of Pamela Cruz that weighs strongly in favor of their argument that Mr. Cruz intended that any proceeds benefitting G.E.C. be provided from the proceeds paid to Pamela Cruz. Dkt. 43. *See also* Fed. R. Evid. 803(3). Indeed, Pamela Cruz's declaration indicates that Mr. Cruz told her that he was designating her as the beneficiary of half of his life insurance proceeds with the intent that the funds would be used for the benefit of G.E.C. and Mr. Cruz's two older stepchildren with Silke. *Id.* at 1. According to Pamela Cruz, this was because Mr. Cruz did not trust Silke to manage the funds for the children's benefit. *Id.* Mr. Cruz also told Pamela Cruz that he intended Cassandra to receive the other half of the proceeds on behalf of T.A.C. and A.M.C. *Id.* at 2. Tellingly, Pamela Cruz has testified that she has

deposited the life insurance funds into an interest-bearing account[2] with the expectation that they will someday be used for G.E.C. and his step-siblings' education. *Id.* at 2. However, the evidence that Mr. Cruz did not trust Silke to manage the funds could also be argued to cut in favor of G.E.C. by offering an explanation for why Cassandra, rather than Silke, would be designated as custodian for all of the minor children, including G.E.C., notwithstanding the fact that Cassandra is the mother of T.A.C. and A.M.C. only.

As already stated above, the designation that is the subject of this lawsuit is ambiguous and poorly drafted. "Whether a contract is ambiguous is a question of law, but if the contract is ambiguous, the conflict is ordinarily a genuine dispute of material fact inappropriate for resolution on summary judgment." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 176 F. Supp. 3d 949, 964 (E.D. Cal. 2016) (citations omitted). The parties in this case have each submitted evidence to support their proffered interpretation of the ambiguous designation. The Court finds that the evidence does not unambiguously establish the intent of Mr. Cruz in drafting the designation. Accordingly, both motions for summary judgment must be denied and the matter submitted to a jury.

As a final note, the Court acknowledges G.E.C.'s request that the Court enter an order finding that the half of the proceeds received by Pamela Cruz is to be held in a constructive trust for the benefit of G.E.C. and his stepsiblings. However, G.E.C. has cited no authority for the Court's ability to enter such an order. Pamela Cruz is not a party

---

[2] Pamela Cruz has requested the personal information of Silke's children that is necessary to set up college savings accounts on their behalf, but Silke has not provided the information to Pamela Cruz. Dkt. 43 at 2.

to this action, nor is the half of the proceeds that have already been distributed to her the subject of the underlying complaint in interpleader. *See* Dkt. 1. Moreover, the designation assigning half of the proceeds to Pamela Cruz is unambiguously drafted and lacks any language suggesting that the proceeds where to be distributed to her as custodian for G.E.C. and his stepsiblings. Accordingly, G.E.C.'s request is denied.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the motion for summary judgment of T.A.C. and A.M.C. (Dkt. 49) and the motion for summary judgment of G.E.C. (Dkt. 35) are **DENIED**.

Dated this 19th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge